EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
111 NORTH MARKET ST.
SUITE 300
SAN JOSE, CALIFORNIA 95113
(408) 625-1138
(408) 625-1139 FAX

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

HERMINIO SERRANO LAAN,

    Debtor.

Case No. 10-55761 ASW

Chapter 13

DEBTOR'S OBJECTION TO PROOF OF CLAIM BY JPMORGAN CHASE BANK ET AL PURSUANT TO RULE 3001(C) AND 3001(D) AND AS FALSE AND FRAUDULENT

**COME NOW** the above-named debtor, by and through their attorney of record, Eddy Hsu, Esq., pursuant to Rule 3007 of the Rules of Bankruptcy Procedure, Local Rule 9014 and respectfully object to the Proof of Claim filed in this case by the above named creditor and in support hereof respectfully show unto the Court the following:

    1.    This case was commenced by the filing of a petition with the Clerk of this court on June 1, 2010.

    2.    JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank as creditor of the account and/or Chase Home Finance, LLC filed a purported proof of claim in the amount of $896,642.00 for "Money Loaned." Attached to

DEBTOR'S OBJECTION TO PROOF OF CLAIM PURSUANT TO 3001(C) AND 3001(D)

the proof of claim were documents purporting to be "Proof of Claim Breakdown Sheet", "Adjustable Rate Note", Deed of Trust, and Corporate Assignment of Deed of Trust.

3. The debtor objects to the filing of the said Proof of Claim on the basis that the Proof of Claim was not supported by sufficient documentation as required by Rule 3001(c) of the Bankruptcy rules. Specifically, approved Proof of Claim Form B10 states in Item 7 that documents to support a claim include "invoices, itemized statements, or running accounts . . . documents providing evidence of perfection of a security interest." Here, the claim filed by Chase is fatally defective for failure to comply with this mandatory rule. The exhibits attached to the claim do not describe why or when the arrearage amounts were charged to the debtor. For example, had the creditor provided mortgage statements or letters giving notice of the fees then the Court, Debtor, or Trustee could at least ascertain the date of such charges. <u>Debtor has copies of cashier's check in the amount of $46,197.90 paid during the same time period that the Creditor alleges no payments were made</u>.

5. The debtor next objects to the filing of the said Proof of Claim on the basis that the Proof of Claim was not supported by sufficient documentation as required by Rule 3001(d) of the Bankruptcy rules. Specifically, approved Proof of Claim Form B10 states in Item 7 that documents to support a claim include "documents providing evidence of perfection of a security interest." Here, the claim filed by Lender is fatally defective for failure to comply with this mandatory Rule because neither JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank as creditor of the account and/or Chase Home Finance, LLC is a secured creditor to his real property as evidenced by the submitted writing labeled "Deed of Trust" which states that IMPAC Funding Corporation, DBA IMPAC LENDING GROUP, A CALIFORNIA CORPORATION was the holder of the Note.

DEBTOR'S OBJECTION TO PROOF OF CLAIM PURSUANT TO 3001(C) AND 3001(D)

Case: 10-55761    Doc# 25-1    Filed: 07/20/10    Entered: 07/20/10 16:15:01    Page 2 of 4

6. The debtor further object to the filing of the said proof of claim on the basis that no Assignment of Trust, Transfer or Note of the said claim has been filed with Creditor as the beneficiary.

**WHEREFORE,** the debtors pray of the Court as follows:

A. That the Court direct the Chapter 13 Trustee to strike the claim of JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank as creditor of the account and/or Chase Home Finance, LLC;

B. That JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank as creditor of the account and/or Chase Home Finance, LLC be precluded from filing any amended, modified or substitute claim in this case;

C. That the underlying debt be canceled and forever discharged whether or not the debtors receive their Discharge Order in this case;

D. That JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank as creditor of the account and/or Chase Home Finance, LLC be required to pay the sum of $750.00 in legal fees and expenses to Eddy Hsu, Esq., the attorney for the debtors related to this Objection to Proof of Claim; and

E. That the debtor has such other and further relief as the Court may deem just and proper.

This the 20th day of July, 2010.

**LAW OFFICE OF EDDY HSU**


___/s/ Eddy Hsu_____
EDDY HSU
Attorney for Debtor

DEBTOR'S OBJECTION TO PROOF OF CLAIM PURSUANT TO 3001(C) AND 3001(D)